THE HAGERSTOWN STEAM-ENGINE CO. *v.* GRIZZARD.

1. There being some evidence to authorize the verdict, and the trial judge being satisfied therewith, this court will not interfere with his discretion in refusing a new trial.
2. Where the general issue has been filed in due time, the defendant may amend by adding other pleas at any stage of the proceedings.
3, 4, 5. A ground of the motion for a new trial which is not approved by the court will not be considered. Nor will grounds which complain of the ruling out of interrogatories or the improper admission of evidence be considered where such interrogatories and evidence are not set out therein, or in the bill of exceptions.
6. The law does not require pleas in actions of tort to be sworn to.

January 19, 1891. By two Justices.

Pleadings. Practice. Verdict. Before Judge Harris. Campbell superior court. February term, 1890.

Reported in the decision.

George Latham, for plaintiff.

T. W. Latham and Roan & Golightly, for defendant.

Simmons, Justice.

The plaintiff in error brought suit in trover in the court below for a certain steam-engine, and elected on the trial to take a money verdict. The defendant filed several pleas; among which were the pleas of failure of consideration, set-off and recoupment. The jury found a verdict for the defendant, and the plaintiff made a motion for a new trial on several grounds, which was overruled by the court, and the plaintiff excepted.

1. The first three grounds are the usual ones that the verdict was contrary to the evidence, etc. There is some evidence to authorize the finding of the jury, and the court below being satisfied with it, we will not interfere with his discretion in refusing to grant a new trial on these grounds.

2. The 4th ground complains that the court erred in not striking the defendant's special pleas, on motion of the plaintiff's counsel, on the ground that the case had been pending two years and no plea of any kind had been filed "except answer," and that the plaintiff had notice from the defendant's counsel that he would defend on the ground that the engine was an old and second-hand one, but had no notice that a plea of failure of consideration or of set-off or recoupment would be filed, and had procured no testimony to meet these pleas. It appears from this ground of the motion for new trial that the court offered to continue the case in order for the plaintiff to procure testimony, but refused to strike the pleas.

We see no error in the court's refusal to strike the

pleas. The general issue had been filed; and under our practice, the defendant may amend his plea at any stage of the proceedings. But if he amends by setting up new matter or a new defence, the plaintiff may continue the case in order to procure testimony to meet the amendment; and the court may put terms upon the defendant.

3. The 5th ground was not approved by the court, and therefore cannot be considered.

4. The 6th ground complains that the court erred in ruling out the interrogatories of McGibony. These interrogatories are not embodied in this ground of the motion, nor in the bill of exceptions, and we therefore cannot determine whether they are admissible or not, as we do not know what the testimony was.

5. The same may be said of the 9th and 10th grounds of the motion. The catalogue referred to in the 9th ground is not set out, nor is the evidence claimed to be inadmissible in the 10th ground set out so that we can determine whether it is admissible or not.

6. The 8th ground complains that the plea of recoupment was not sworn to as required by law. The law does not require pleas in answer to actions of tort to be sworn to, and therefore there is no error in this ground. *Judgment affirmed.*