### 336.   GOODWYN *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

HILL, C. J. 1: The declaration of the plaintiff, made to a physician, that he felt no sensation of pain resulting from sticking a needle into his finger, does not fall within any of the exceptions to the rule as to hearsay, and was properly excluded. *Atlanta Street Railroad Co.* v. *Walker*, 93 *Ga.* 463, 21 S. E. 48; *Broyles* v. *Prisock*, 97 *Ga.* 643, 25 S. E. 389; *Atlanta, K. & N. Ry. Co.* v. *Gardner*, 122 *Ga.* 82, 49 S. E. 818.

Especially was there no error in excluding declarations of the plaintiff, as to his physical symptoms and suffering, which were no part of the res gestæ of the injury, when the plaintiff himself as a witness fully described the character and extent of his injuries. "The higher and better evidence is that of the person who has actual knowledge of the truth of the pains and other feelings to which the complaint relates." *Atlanta Street R. Co.* v. *Walker*, 93 *Ga.* 467.

2. An objection that the court erred in refusing to allow a witness to answer a question asked on the direct examination will not be considered, where the expected answer is not set out, so that the court can determine whether the evidence would have been admissible. *Hagerstown Steam-Engine Co.* v. *Grizzard*, 86 *Ga.* 574, 12 S. E. 939.

3. The testimony of the engineer of the backing train, that at the time he struck the car in which plaintiff was at work he was moving back at the usual speed necessary for switching and making couplings of that character, was properly admitted. Civil Code, § 5287.

4. The court instructed the jury that the law required the defendant railroad company to show that at the time of the injury its agents and servants were in the exercise of "ordinary care," instead of charging the rule of diligence in the language of the Civil Code, § 2321, to wit, "all ordinary and reasonable care and diligence." The words "ordinary care" embody the same degree of diligence as the words "ordinary and reasonable care and diligence," and have substantially the same significance. The words "ordinary" and "reasonable," descriptive of diligence, are synonymous, and are used interchangeably in statutes and by the courts; especially is this true, when the court defined correctly the meaning of "ordinary care" in a proximate portion of the charge.

5. The court charged the jury that "ordinary care" is that care that a prudent man would exercise under like or similar circumstances." The use of the word "a," instead of the word "every," made no material change in the definition, and could not have misled the jury.

6. The court instructed the jury as follows: "The plaintiff alleges and asks for damages for pain and suffering. In determining the question as to whether you will allow damages for pain and suffering, the court can give you no rule. There is no rule except the enlightened conscience of intelligent, honest jurors." Considered alone this instruction would be error, but, in connection with the entire charge, it is clear that the court in this excerpt was referring to the measure of damages for pain and suffering, and not to plaintiff's right to recover damages for pain and suffering.

7. The other assignments of error are wholly without merit; and the verdict, approved by the trial court, is fully warranted by the evidence.

*Judgment affirmed.*

Certiorari, from Pike superior court—Judge Reagan. October 12, 1906.

Argued May 7,—Decided September 19, 1907.

*W. W. Lambdin, B. P. Searson Jr.,* for plaintiff.

*Hall & Cleveland, J. F. Redding,* for defendant.