*J. Frank Norman, Hartsfield & Conger,* contra.

---

9364.   GULF PAVING COMPANY *v.* CITY OF ATLANTA.

BLOODWORTH, J.   1. Since the adoption of the amendment to section 2 of article 6 of the constitution of this State, ratified November 7, 1916, and proclaimed by the Governor on December 15, 1916, as a part of the constitution, the Court of Appeals has no jurisdiction of any case that involves a construction of the constitution of the State of Georgia.

2. Under repeated rulings of the Supreme Court, that court will not pass upon a constitutional question not properly raised in the court below. A constitutional question is not properly raised where no provision of the constitution is specified. *Johnston* v. *Brenau College,* 146 *Ga.* 182 (5), 186 (91 S. E. 85).

3. Under the foregoing rulings the question as to whether the City of Atlanta, under the constitution of this State, could legally enter into the proposed contract set forth in the petition can not be considered by this court; nor can the question be certified to the Supreme Court; nor can the case be transferred to the Supreme Court.

4. The question last referred to being eliminated, the petition did not set forth a cause of action, and the court did not err in sustaining the general demurrer and dismissing the petition.

          *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

          DECIDED MAY 16, 1918. REHEARING DENIED JULY 30, 1918.

Action for money had and received; from Fulton superior court —Judge Bell. November 6, 1917.

The City of Atlanta advertised for bids for the paving of a portion of Peachtree street. A part of the advertisement calling for bids was as follows: "Each proposal shall contain the full name of every person, firm, or corporation interested in the same, and the address of the person, firm, or president and secretary of the corporation bidding, and shall be accompanied by a certified check upon a national bank, drawn to the order of the City of Atlanta, in the sum of one thousand $1,000.00) dollars, which shall be forfeited to the city as liquidated damages in the event the bidder fails to sign the contract and furnish the required bond within

the prescribed time. The bidder to whom the contract may be awarded shall attend at the office of the mayor, with the sureties offered by him (or them), within ten days (Sundays excepted), after the date of the notification by the chief of construction of the acceptance of his or their proposal, and there sign the contract, in triplicate, and furnish the required bond for the work. In case of failure to do so, he or they will be considered as having abandoned the same, and the certified check accompanying the proposal shall be forfeited to the city."

The bid of the Gulf Paving Company was accepted, and the company was notified by the city and requested to give bond and sign the contract, as provided above. The company refused to give the bond, alleging that the city had no legal right to contract for this paving, because, "after having consulted counsel, it was advised that the City of Atlanta could not legally enter into such contract, and it so informed the chief of construction by communication addressed to the chief of construction of the City of Atlanta, dated September 6th, 1916, demanding at the same time the return to it of its original bid and of its deposit of one thousand dollars." On refusal of the paving company to give bond and sign the contract, the city had the deposited check cashed, and the amount thus received was turned into its treasury. Thereupon the Gulf Paving Company brought suit against the city. The plaintiff alleged that it had made a formal and timely demand in writing on the city for the return of its check, and that the city refused to comply. Paragraph 16 of the petition is as follows: "That, under the constitution and laws of this State, a municipality may not lawfully enter into a contract whereby it is required to pay a sum of money or become indebted in any sum of money for any purpose whatsoever, unless there is, at the time of incurring the liability, a sufficient fund in the treasury of the municipality which may be lawfully used to pay the liability incurred, or a sufficient sum of money to discharge the liability can be raised by taxation during the current year; and, as heretofore set out, at the time the City of Atlanta invited bids for the paving of Peachtree street between Fifteenth street and the city limits, and at the time your petitioner filed its bid, to wit, July 31st, 1916, and deposited the sum of one thousand dollars in accordance with the invitation therefor, and at the time it was proposed by the city

to enter into a contract with it in accordance with such bid, the city could not lawfully make such contract; for that it did not have a sufficient sum of money in the treasury, at any of the times named, to be lawfully used for the payment of the liability which would be incurred in the making of this contract, nor could it raise a sufficient sum by taxation during the current year to discharge the liability, because of the facts as hereinbefore set out." Attached to and made a part of the petition is a copy of the ordinance of the city, in which the paving was estimated to cost $97,054.20. Of this amount $46,835.20 was to be raised from assessments against property owners, $26,801.40 from assessments against the Georgia Railway & Power Company, and the balance ($23,417.60) the city expected to receive from the County of Fulton.

A general demurrer to the petition was sustained, and the case dismissed, and the Gulf Paving Company excepted.

*Anderson, Rountree & Crenshaw,* for plaintiff.

*J. L. Mayson, S. D. Hewlett,* for defendant.