## ATLANTA TERMINAL COMPANY *v.* GEORGIA PUBLIC SERVICE COMMISSION *et al.*

ATKINSON, J. 1. Properly construed, the order in question of the State Public Service Commission requires the Atlanta Terminal Company to receive in its baggage-room baggage properly identified by a duplicate claim check of such persons, firms, or corporations as comply with the terms of the order, and, upon the subsequent presentation of the original claim check with a railroad ticket, to issue to the holder of said original claim check a train check for such baggage to the destination shown on the ticket.

2. The order set forth in the preceding note, properly construed, does not purport to deal with or undertake to prevent unjust discrimination, but purports to create and impose upon the terminal company a duty.

3. The act approved August 21, 1922 (Acts 1922, p. 143), changed the name of the Railroad Commission of Georgia to that of Georgia Public Service Commission, preserving to the latter "all of the authority, rights, powers, duties, privileges, and jurisdiction" of the former.

4. Among these powers the Georgia Public Service Commission has the authority of "general supervision of all . . terminal or terminal station corporations or companies, . . within this State, . . and to require all . . public service companies under their supervision to establish and maintain such public service and facilities as may be reasonable and just, either by general rules or by special orders in particular cases." Georgia Laws 1907, p. 72, Civil Code (1910), § 2663.

5. The above grant of power confers authority upon the Georgia Public Service Commission to issue and promulgate the above order as imposing a public duty in relation to service of the public, the service required being both reasonable and just. The act of 1907 was approved subsequently to the cause of controversy involved in *Atlanta Terminal Co.* v. *American Baggage & Transfer Co.*, 125 *Ga.* 677 (54 S. E. 711); and the statute requires the ruling announced, without resort to the principles discussed in that case.

6. The order does not violate article 4, section 2, paragraph 1, of the constitution of this State (Civil Code, § 6463), which provides: "The power and authority of regulating railroad freights and passenger tariffs, preventing unjust discriminations, and requiring reasonable and just rates of freight and passenger tariffs are hereby conferred upon the General Assembly, whose duty it shall be to pass laws, from time to time, to regulate freight and passenger tariffs, to prohibit unjust discriminations on the various railroads of this State, and to prohibit said roads from charging other than just and reasonable rates, and enforce the same by adequate penalties." Independently of this provision of the constitution, the General Assembly possesses the inherent power to regulate public utilities. The conference upon the General Assembly of

Carriers, 10 C. J. p. 649, n. 45.

Constitutional Law, 12 C. J. p. 805, n. 46; p. 923, n. 70; p. 1269, n. 41 New.

Railroads, 33 Cyc. p. 47, n. 48.

57

the powers stated in the above provision of the constitution was not intended to limit its powers to those expressed in that provision. The legislative power of the State is vested in the General Assembly, which has power to make all laws, and ordinances consistent with the constitution of this State, and not repugnant to the constitution of the United States, which they shall deem necessary and proper for the welfare of the State. Civil Code (1910), §§ 6410, 6450.

7. The order does not violate the due-process clauses of the State and Federal constitutions, in that it goes beyond the proper domain of regulation and interferes with the private rights of petitioner.

8. The order is not void on the ground, as contended, that it unduly interferes with the plaintiff's general management of its property, and invades its right of contract and of the selection of its own agents to discharge its public duties.

*Judgment affirmed. All the Justices concur, except Hill, J., absent on account of illness.*

No. 5446.   MARCH 3, 1927.

Petition for injunction. Before Judge Humphries. Fulton superior court. April 14, 1926.

The Atlanta Terminal Company is chartered and organized as a railroad corporation. It does not operate a railroad, and its sole business is the operation of a passenger depot and terminal station in the City of Atlanta for the convenience of other named railroad companies, which use said terminal in connection with their general business as common carriers in the transportation of passengers. Operating under a contract it represents those companies in receiving, checking, and delivering baggage passing in and out of the terminal station over the lines of said railroads. The Georgia Public Service Commission, after having afforded the Atlanta Terminal Company a hearing, adopted the following order: "That, effective January 1st, 1926, the Atlanta Terminal Company shall receive in its baggage-room baggage properly identified by a claim check of such persons, firms, or corporations as may comply with the terms of this order, a duplicate, the original of which has been delivered to the owner or agent of the owner of such baggage; and shall issue to the owner representing the claim check together with a railroad ticket a train check for such baggage to the destination shown on the ticket. Any person, firm, or corporation engaged in the business of handling and hauling baggage from hotels, residences, and places of business in Atlanta, Georgia, to the passenger station of the Atlanta Terminal Company, as the agent of prospective passengers, shall be permitted to issue duplicate claim checks for baggage, and to have their claim checks recognized and

exchanged for train checks by the Atlanta Terminal Company when presented by a passenger together with a railroad ticket, by filing with the Atlanta Terminal Company a solvent bond executed by an acceptable surety company in favor of the Atlanta Terminal Company in the sum of $10,000, conditioned to indemnify the Atlanta Terminal Company for all loss or damage occasioned by loss, accident, negligence, or mistake in the handling of baggage by said person, firm, or corporation." The Atlanta Terminal Company instituted an action against the Georgia Public Service Commission and its members. The petition alleged the facts just stated, and prayed to enjoin enforcement of the order. The defendants filed an answer. Evidence without substantial conflict, tending to sustain the allegations of fact contained in the petition, was introduced at an interlocutory hearing; and a judgment refusing a temporary injunction was rendered. The exception is to this judgment.

*Dorsey, Howell & Heyman,* for plaintiff.

*W. E. Watkins* and *S. D. Hewlett,* for defendants.