R. A. KNIGHT v. CAROLINA COACH COMPANY.

(Filed 2 July, 1931.)

**Carriers D c—Bus company's liability for loss of baggage is limited to fifty dollars by Commission where higher valuation is not declared.**

The Corporation Commission in accordance with authority given it by statute, chapter 136, Public Laws of 1927, has passed certain regulations in regard to the carriage of baggage by bus companies, and its Rule 65, limiting the number of pieces of hand baggage, the weight and the value thereof that shall be checked and carried free of charge, is within the

delegated power of the Commission, and the rule that a common carrier in intrastate shipments may not make a valid contract limiting liability for negligent loss of baggage, is thereby made inapplicable to bus companies, and a provision on a ticket of a bus company limiting liability for loss of baggage to fifty dollars unless a higher valuation is declared and an extra charge paid, in accordance with the rules of the Corporation Commission, is valid, and a passenger may not recover a greater sum than that fixed by the rule.

CIVIL ACTION, before *Moore, Special Judge,* at January Term, 1931, of WAKE.

On or about 10 April, 1930, the plaintiff purchased a ticket from the defendant at Rocky Mount for transportation over its line to Durham, and delivered to the defendant his traveling bag, containing personal effects. The defendant accepted the traveling bag and checked the same, giving to plaintiff a claim check. The claim check provided: "Baggage liability limited to $50 unless higher valuation declared and shown on this check and extra charge paid as provided by tariff regulations filed with and approved by the Corporation Commission."

The bag and its contents were lost by the defendant during transit, and the plaintiff instituted this action for damages in the sum of $158.50, alleging that such sum was the fair value of the bag and its contents.

The defendant filed an answer alleging that it had offered to pay plaintiff $50 in accordance with the terms of the baggage check. The defendant further alleged that it operated under and by virtue of chapter 136, Public Laws of 1927, and in accordance with rules and regulations prescribed by the Corporation Commission, and that pursuant to such rules it had adopted a ticket limiting liability for damage to $50 "unless higher valuation declared," etc., and that it had adopted a baggage check or claim check pursuant to the laws of the State and the regulations imposed by the Corporation Commission. Defendant further alleged that under the regulations of the Corporation Commission it was required to carry insurance insuring the baggage of passengers to the amount of $50 only, such policies being filed with the Corporation Commission.

Issues were submitted to the jury and the value of the baggage was found to be $148. It was agreed that the trial judge should answer the issues in accordance with the contentions of the parties and to find the facts. The facts are set out at length in the judgment, and it is not deemed necessary to set out the entire judgment.

Rule 65, duly adopted by the Corporation Commission, is as follows: "Subject to the limitations in Rule 53 and the conditions of Rules 62 and 64, three pieces of hand baggage, not to exceed a total weight of one hundred pounds nor exceeding fifty dollars ($50) in value shall be checked and carried free of charge for each adult passenger," etc.

Upon the facts found the trial judge was of the opinion that the $50 limitation set out in the ticket and baggage check was binding and valid. Whereupon, it was adjudged that the plaintiff was entitled to recover the sum of $50, together with the costs of the action.

From the foregoing judgment plaintiff appealed.

*R. O. Everett and Bart M. Gatling for plaintiff.*
*Smith & Joyner for defendant.*

BROGDEN, J. This Court in *Cooper v. R. R.,* 161 N. C., 400, announced the policy of the law in this State to be, that common carriers in intra-state shipments could not make a valid contract limiting liability for negligence resulting in loss or damage to the baggage of a passenger. In that case baggage liability was limited to $100 "unless a greater value has been declared by the owner and excess charges paid thereon at the time of taking passage."

The question of law is, whether chapter 136, Public Laws of 1927, takes a bus company out of the operation of the rule declared in the *Cooper case,* with respect to liability for loss or damage to the baggage of a passenger.

An examination of the statute discloses that it was enacted for the purpose of regulating, supervising and controlling motor vehicles used in the business of transporting persons or property for hire over and along the highways of the State. In pursuance of such purpose, it is provided in section 2 that no person or corporation shall operate a motor vehicle for the transportation of persons or property "except in accordance with the provisions of this act, and said operation shall be subject to control, supervision and regulation by the Commission in the manner provided by this act." Section 6 requires that in granting a franchise certificate the applicant shall procure and file with the Commission "acceptable liability and property damage insurance in a company licensed to do business in the State . . . in such amount as the Commission may determine, insuring passengers . . . receiving personal injury by reason of an act of negligence . . . and for damage to baggage in the custody of the assured and for loss of baggage when checked by the assured," etc. Section 7 provides that the Corporation Commission "is hereby vested with power and authority to supervise and regulate every motor vehicle carrier under this act; to make or approve the rates, fares, charges, classifications, rules and regulations for service and safety of operation and checking of baggage of each such motor vehicle carrier. . . . The Commission shall have power and authority, by general order or otherwise, to prescribe rules and regulations applicable to any and all motor vehicle carriers," etc. It is provided in section 8 that the Commission shall have power to

revoke the franchise of any motor vehicle carrier if it "has wilfully violated or refused to observe the laws of this State touching motor vehicle carriers, or any of the terms·of his certificate, or any of the Commission's orders, rules or regulations." It is further provided in section 10, subsection 3, that the franchise certificate may be canceled "for failure to check baggage as provided by this act and the Commission's regulations." It is provided in section 13 that no motor vehicle carrier shall charge or receive "a greater or less or different compensation for the transportation of persons or property . . . than the rates, fares, or charges applicable to such carrier as specified in its tariffs filed with and approved by the Commission and in effect at the time."

The foregoing provisions of the statute clearly demonstrate that broad and comprehensive powers were delegated by the Legislature to the Corporation Commission in supervising and controlling the operation of passenger and freight busses. In the exercise of such powers so delegated the Commission has established certain rules and regulations prescribing certain duties with respect to the baggage of passengers. Such rules and regulations, pertinent to this case, are clearly within the power of the Commission, and the Commission in effect requires a bus company, upon penalty of forfeiting its charter, to carry baggage upon such conditions and for such rate or charge as shall be prescribed. Rule 65 limits the number of pieces of hand baggage, the weight, and the value thereof that shall be checked and carried free of charge. The bus company must observe this limitation or forfeit its charter. Hence, it is concluded that the Legislature had the power to prescribe the conditions controlling the granting of a franchise to a motor vehicle transportation company, and such power was delegated to the Corporation Commission. The Corporation Commission entered upon the exercise of the power by prescribing rules and regulations relating to the personal baggage of passengers. These rules are valid and exclusive, and the trial judge ruled correctly upon the question of law presented.

Affirmed.