IjUke, J.
Mrs. J. D. Reynolds brought suit against the Borough of Atlanta on account of injuries sustained as a result of stepping into a' hole on a sidewalk. The defendant demurred to the petition, on six grounds, four of which were overruled. Those overruled were as follows: <fl. No cause of action is therein alleged. 2. The Borough of Atlanta is not a municipality in charge of any street. 3. The Borough of Atlanta is not the City of Atlanta, nor has it any of the rights or liabilities of the City of Atlanta. 4. The Borough of Atlanta is not a municipal corporation under the laws of the State of Georgia, but' is only one of the boroughs of the municipal corporation known as Atlanta, and, under the charter of Atlanta, the Borough of Atlanta has no power whatever either to levy taxes or to repair streets, or to keep up streets, or to carry on municipal work. .On the contrary the charter of Atlanta says that all of the rights and powers of the cities therein mentioned as boroughs remain as they were before. Defendant therefore says that the suit is improperly brought against the Borough of Atlanta, because there is no such city in charge of streets, nor with the power of levying taxes, nor with any of the responsibilities of a municipal corporation.” The defendant assigned error on the overruling of the demurrer.
Counsel for the plaintiff in error in their brief argue as to the constitutionality of a portion of the act creating the municipality of Atlanta and the Borough of Atlanta. Since it is the duty of this court to transfer to the Supreme Court any case which ques *517 tions the constitutionality of a statute, if such a question is properly raised and is necessary to the determination of the case, we have investigated the record to ascertain whether such a question is properly raised. Nowhere in these four grounds of demurrer is there any reference to the invalidity of any portion of the act creating “Atlanta” and the boroughs thereof, because of any violation of the constitution of the State; and the record does not show that any question as to the constitutionality of the act was argued before the trial judge; and it appears to be argued for the first time in the brief before this court. In the case of Anderson v. State, 2 Ga. App. 1 (58 S. E. 401), the plaintiff in error more nearly raised a constitutional question than in the instant case, in that there was at least an allegation in that case that the act contravened the constitution of the State because it was a special act prescribing a rule of law where there were general provisions of law covering the case, and because it nullfiied the fundamental rule of presumption of innocence; and yet it was held in that case that the constitutional question was not properly raised. The first headnote in the Anderson case is as follows: “Before a reviewing court is authorized to pass upon the constitutionality of an act of the General Assembly, it must appear that the question was made or presented in the court below and was passed upon by the trial judge; also the alleged repugnancy of the statute to some portion of the constitution must be specifically asserted, (a) An allegation of the repugnancy of a statute to the constitution is not sufficiently specific, unless the clause or paragraph of-the constitution claimed to be violated is set out. (&) No constitutional question is properly presented in this case.” See also subdivision 1 of the opinion, pages 18 and 19, and cases cited on page 19. The constitutionality of the act in question is not properly before this court for consideration.
The first ground of demurrer, as to no cause of action being alleged, is not argued by counsel, and will not be considered. In fact counsel in their brief say that their “only objection to this suit is that it was filed not against the City of Atlanta, but is filed against the Borough of Atlanta.” (Italics ours.)
The three remaining grounds of demurrer, all of which deal with the same question, are without merit. The act approved August 17, 1929 (Ga. L. 1929, p. 835), incorporates the City of Atlanta, *518 several other cities, and certain unincorporated territory, as a municipality to be known as “Atlanta.” The plaintiff does not 'contend' that the action should have been directed against the corporation known as Atlanta, but does contend that it can not be maintained against the Borough of Atlanta. Let it be borne 'in mind that the judiciary can not invade the legislative department of the State, and if the General Assembly lias changed the city to a borough, whether wisely or unwisely, this court can not legislate on the subject. Furthermore, in considering this question we are bound to seek the true intent of the lawmaking body as disclosed by the act, rather than construe it as we might think it should have been written.
A careful study of the act in question convinces us that it was the intention of the General Assembly that the cities incorporated 'in the municipality of Atlanta should “be known as boroughs;” that if they should thereafter be referred to as “cities” it would be an “irregularity,” but such irregularity would not vitiate any document, contract, or writing; and that all the powers and liabilities vested in the cities were automatically vested in the boroughs, so that no power or liability of any city would be abrogated on account of the partial change in the corporate name; that the distinguishing name of each city, such as Atlanta, Decatur, etc., should remain the same, changing the corporate name only by eliminating the word city and substituting the word borough. Since the municipality created by the act is known as “Atlanta,” the change of the name of the old City of Atlanta to Borough of Atlanta will eliminate the confusion of having two cities of the same árame in one State. As evidence of this intention on the part of the lawmaking body, we call attention to the following parts of the act: It provides that for the purposes of the act “the Cities of Atlanta, Decatur, Avondale Estates, Hapeville, College Park, and East Point shall be known as boroughs” (italics ours); that the new municipality shall be known as Atlanta and shall include the territory designated; that the charters of the cities named are, for the purposes of the act, “amended so that wherever the titles of corporate names of said cities appear the word 'City’ shall be stricken and the word 'Borough’ inserted in lieu thereof. But it shall not be unlawful to refer to a borough as a city, and when the word city is used either in official documents or in contracts or private writ *519 ings such irregularity shall not vitiate, bnt the reference shall be understood to be the borough, unless it is plainly intended otherwise. . . The mayor and council of ‘Atlanta5 shall meet in the city hall of the Borough of Atlanta." (Italics ours). Section 9 of the act provides that the boroughs of Atlanta, Decatur,’ etc., shall remain unaffected by this act, “with all of the governmental and other powers, rights, properties, duties, jurisdiction and authority now had or hereafter by law vested in said cities and counties, except as herein otherwise expressly provided. All existing legal contracts now of force and to which airy of said cities are parties shall remain of force, equally binding on and in favor of said cities as boroughs. All such contracts are hereby authorized, ratified and confirmed.55 (Italics ours.) Section 10 provides that all of the inhabitants residing in said “Boroughs of Atlanta, Decatur,55 etc. shall be deemed to be residents of “Atlanta,55 but provides that “the specific and occupation taxes and license taxes, payable by persons doing business in any of said boroughs shall not be determined by the population of the municipality hereby created, but shall be determined by the population of the borough in which the business is located.55 (Italics ours.) The last section repeals all laws in conflict with the act. As stated supra, the constitutionality of the act, not being properly brought in question, is not determined; but the interpretation of the act as shown by the ruling of the trial judge and by this decision is in keeping with the apparent intention of the General Assembly to create a larger municipality known as “Atlanta” with subdivisions known as “Borough’s,55 and particularly is this shown by the striking of the word “City55 in the corporate name, and substituting in lieu thereof the word “Borough.55
The trial judge did not err in overruling the demurrer.

Judgment affirmed.

Broyles, G. J., concurs, Bloodworih, J., absent on account of illness.