24625. MYERS *v.* ATLANTIC GREYHOUND LINES.

DECIDED FEBRUARY 18, 1936. REHEARING DENIED FEBRUARY 27, 1936.

*Fleming & Fleming,* for plaintiff.
*Bussey & Fulcher,* for defendant.

BROYLES, C. J. Mildred Myers brought suit against Atlantic Greyhound Lines, alleging that she purchased from the defendant transportation by bus line from Jacksonville, Florida, to Augusta, Georgia, and received a printed check-ticket for her suit case, a copy of which is as follows: "Claim check Atlantic Greyhound Lines from Jacksonville to Augusta No. 230124. Baggage liability limited to $25 unless higher valuation declared, and shown on this check, and extra charge paid, as provided by tariff filed with and approved by the various state regulatory bodies. Form A. C. L.—T-24." Upon arrival in Augusta she presented her claim check, but was informed that the suit case could not be found. An itemized statement showed the value of the suit case and its contents to be $222.30, and plaintiff prayed judgment for this amount and $2 per day damages. General and special demurrers filed by the defendant were overruled to which ruling no exception was taken. In the defendant's answer it set up a rule of the Georgia Public-Service Commission limiting the liability for loss of baggage to $50. The plaintiff demurred to paragraphs 7, 8, 9, and 10 of the answer and moved to strike same because the law of Georgia and the rules of the Public-Service Commission of Georgia referred to in these paragraphs were irrelevant for the reason that the contract of carriage was made in Florida, and the law and

regulations of the Public-Service Commission of Georgia had no application to the contract. The motion to strike was overruled, and the plaintiff excepted pendente lite to the court's refusal to strike said paragraphs. The case came on for trial, and, after the jury was stricken, the defendant offered an amendment to its answer modifying paragraphs 6, 7, 8 and 10 and adding new paragraphs setting up as a defense a rule of the Railroad Commission of Florida limiting the liability for loss of the baggage to $50. The plaintiff objected to the allowance of the new paragraphs as an amendment, on the ground that the court had already adjudicated that the case was controlled by the law of Georgia, and "therefore the law of Florida is totally irrevelant," which objections were overruled and the amendments allowed. On the trial certain written requests to charge were refused. The court directed a verdict for the plaintiff for $50, and the plaintiff filed a motion for a new trial which was overruled. The plaintiff assigns error on the court's refusal to strike paragraphs 7, 8, 9 and 10 of defendant's answer; on the court's allowing the amendment to the answer as above stated; and on the overruling of the motion for a new trial.

The overruling of the plaintiff's motion to strike paragraphs 7, 8, 9 and 10 of the defendant's answer on the ground that they referred to the law of Georgia and the rules of the Public-Service Commission of Georgia and that the same were irrelevant because the contract of carriage was made in Florida, was, in effect, a ruling that the law of Georgia was relevant. In determining the applicability of the Georgia law, it is material to note first, that at the time the alleged loss in this case was sustained, the interstate commerce act did not cover transportation by motor vehicles, though a motor vehicle law has been passed by Congress since that time. "The interstate commerce act does not apply to interstate commerce by motor vehicles (49 U. S. C. A., § 1)." Cobb v. Department of Public Works of Washington, 60 Fed. 631 (4), 640 (4). "An examination of the acts of congress discloses no provision, express or implied, by which there is withheld from the State its ordinary police power to conserve the highways in the interest of the public and to prescribe such reasonable regulations for their use as may be wise to prevent injury and damage to them. In the absence of national legislation especially covering

the subject of interstate commerce, the State may rightly prescribe uniform regulations adapted to promote safety upon its highways and the conservation of their use, applicable alike to vehicles moving in interstate commerce and those of its own citizens." Morris v. Duby, 274 U. S. 135, 143 (47 Sup. Ct. 548, 71 L. ed. 966). "Congress has not yet acted upon the interstate transportation of passengers by motor vehicles over highways. Therefore State laws regulating the matter 'fall within that class of powers which may be exercised by the States until Congress has seen fit to act upon the subject.'" Conlin Bus Lines v. Old Colony Coach Lines, 282 Mass. 498 (185 N. E. 350). See also Sproles v. Binford, 286 U. S. 374 (3, 4) (52 Sup. Ct. 581, 76 L. ed. 1167).

Under the foregoing authority the several States had the right to regulate transportation by motor vehicle; which brings us to a consideration of Georgia law on this subject. In *Carter* v. *Southern Railway Co.,* 3 *Ga. App.* 34 (59 S. E. 209), this court, referring to a shipment from Texas to Georgia, said: "The contract was to be performed in this State as well as in the State of Texas; and though a contract of carriage is made in a foreign State, it is not necessarily governed, in matters of construction and effect, by the laws of that State, when the contract is to be partly performed in this State." See also *Atlanta & West Point R. Co.* v. *Broome,* 3 *Ga. App.* 641 (2) (60 S. E. 355). In the instant case, it is undisputed that the carrier was to deliver plaintiff's baggage at Augusta, Georgia. In *Pratt* v. *Sloan,* 41 *Ga. App.* 150 (1) (152 S. E. 275), this court said: "Where a contract is made in one State to be performed in another, the laws of the latter State will govern as to the validity, nature, obligation and construction of the contract," when they are pleaded and proved. See also Code of 1933, § 102-110; *Vanzant* v. *Arnold,* 31 *Ga.* 210 (3); *Dunn* v. *Welsh,* 62 *Ga.* 241 (2). This general rule is particularly applicable to liability for a passenger's baggage. See 10 C. J., p. 1201, sec. 1572 E; Curtis v. Delaware &c. R. Co., 74 N. Y. 116 (30 Am. St. R. 271).

The General Assembly of this State has passed an act (Ga. L. 1931, p. 199) "to regulate the business of common carriers for hire by motor vehicle operated over the highways of this State," and "to give the Georgia Public-Service Commission jurisdiction and regulatory powers over said carriers and said business and

vehicles used in said business." Under section 9 of this act (Code of 1933, § 68-614), it is provided that "No motor common carrier shall charge, demand, collect or receive a greater or less or different compensation for the transportation of passengers and property or for any service rendered in connection therewith than the rates, fares and charges prescribed or approved by order of the commission;" and section 12 of the act, in reference to baggage of passengers, provides that "the Commission may by rule or regulation limit the amount of the liability of the motor carrier therefor." In *Georgia Public-Service Commission* v. *Saye & Davis Co.*, 170 *Ga.* 873 (154 S. E. 439), the court held that the General Assembly "may authorize the Public-Service Commission to prescribe the conditions upon which a public highway may be used by a carrier in the transportation of goods," provided such regulation does not tend to create a monopoly or require the carrier to violate the United States constitution. Pursuant to the express authority granted by the legislature, the Public-Service Commission passed rule 45 limiting the value of baggage that might be carried by each passenger free of charge to $50. There is no evidence or contention that the plaintiff declared the value of her baggage to be in excess of $50 or that she paid any extra charge for the transportation thereof. Under the foregoing authority, the carrier not only had the right to limit the value of the baggage carried free of charge to $50, but was compelled to do so where no greater value was declared. In view of the specific statute relative to transportation of passengers and baggage by motor vehicle, the laws of Georgia prohibiting other common-carriers from limiting their common-law liability does not apply. In the case of Knight *v.* Carolina Coach Co., 201 N. C. 261 (159 S. E. 311), the passenger was given a claim check for his traveling bag limiting the valuation thereof, unless higher valuation was declared, and the bag and its contents were lost, as in the instant case. Rule 65 of the Corporation Commission of North Carolina is identical with rule 45 of the Public-Service Commission of Georgia, supra, and each rule was passed by virtue of similar statutory authority. In that case the court said: "The foregoing provisions of the statute clearly demonstrate that broad and comprehensive powers were delegated by the legislature to the corporation commission in supervising and controlling the operation of passenger and freight busses. In the

exercise of such powers so delegated the commission has established certain rules and regulations prescribing certain duties with respect to the baggage of passengers. Such rules and regulations, pertinent to this case, are clearly within the power of the commission, and the commission, in effect, requires a bus company, upon penalty of forfeiting its charter, to carry baggage upon such conditions, and for such rate or charge, as shall be prescribed. Rule 65 limits the number of pieces of hand baggage, the weight, and the value thereof that shall be checked and carried free of charge. The bus company must observe this limitation, or forfeit its charter. Hence it is concluded that the legislature had the power to prescribe the conditions controlling the granting of a franchise to a motor vehicle transportation company, and such power was delegated to the Corporation Commission. The Corporation Commission entered upon the exercise of the power by prescribing rules and regulations relating to the personal baggage of passengers. These rules are valid and exclusive." It was these duly prescribed and authorized rules, limiting liability to $50, that the carrier relied upon in the instant case, and not the limit of $25 stated in the claim check.

The contention that the "plaintiff was not put on notice in any way that her baggage was being carried under the Georgia rule" limiting liability to $50 is not cause for a reversal of the judgment. Neither the motor common carriers act nor the rules of the Public-Service Commission made pursuant thereto required notice to be posted. The rule, being passed by an administrative branch of the government which is quasi legislative in its nature, and being passed in compliance with a statute of the general assembly, is presumed to be known or ascertainable by the public, and ignorance thereof excuses no one. This principle as to the public being bound to take notice and no special notice by the carrier to the passenger being necessary in the absence of a statutory requirement to that effect, is illustrated by the ruling of this court in *Central of Georgia Railway Co.* v. *Curtis,* 14 *Ga. App.* 716 (82 S. E. 318), where the court, in discussing the Carmack amendment to the Hepburn act and the decisions relating thereto, said: "These decisions determine the proposition that the shipper, as well as the carrier, is bound to take notice of the filed tariff rates, and that so long as they remain in effect they are conclusive as to the rights of the parties."

The plaintiff in error contends that the rules of the Georgia Public-Service Commission "are illegal and void in so far as they permit an arbitrary valuation of the property of a passenger in the absence of a special contract, and without notice to a passenger;" and that "the authority given in the motor vehicle act to the Public-Service Commission 'to limit the amount of the liability of the motor carrier' for negligent loss of baggage was an illegal delegation of legislative power." While this court has no jurisdiction to determine, as an original proposition, constitutional questions (*Thompson* v. *Atlanta*, 176 *Ga.* 489, 168 S. E. 312), it can determine whether constitutional questions are properly raised. Without regard to whether the question is raised for the first time in this court, in which event it could not be reviewed, the constitutional question in this case is not properly raised for the reason that the portion of the constitution claimed to be violated is not set out. See *Morrow* v. *Atlanta*, 162 *Ga.* 228, 230 (133 S. E. 345) ; *Gulf Paving Co.* v. *Atlanta*, 22 *Ga. App.* 374 (2) (96 S. E. 392) ; *Borough of Atlanta* v. *Reynolds*, 43 *Ga. App.* 517 (159 S. E. 607). However, this court can construe and apply decisions of the Supreme Court on constitutional questions, and, though the question is not properly raised, we deem it advisable to say, at the expense of obiter dictum, that the delegation by the general assembly of this power to the Georgia Public-Service Commission has been upheld by our Supreme Court. See *Atlanta Terminal Co.* v. *Public-Service Commission*, 163 *Ga.* 897 (137 S. E. 556) ; *Ga. Public-Service Commission* v. *Saye & Davis Co.*, supra; *Zuber* v. *So. Ry. Co.*, 9 *Ga. App.* 539 (3) (71 S. E. 937).

Under the authority as to Georgia law applying to the issues involved, as hereinbefore set out, and in view of the amendment to the answer of the defendant, as shown by the statement of facts, the overruling of the plaintiff's motion to strike certain paragraphs of the original answer referring to Georgia law, is no cause for a new trial.

Although the issue involved is governed by the law of Georgia, the allowance of the amendment to the answer setting up the law of Florida furnishes no cause for a reversal, because: 1st. The limit of liability for lost baggage under the rules of the Railroad Commission of Florida and the Public-Service Commission of Georgia is identical, and the authority of the two commissions to make

the rules here involved is substantially the same. Therefore the plaintiff's recovery is limited to the same amount by each State. 2nd. "Where the general issue has been filed in due time, the defendant may amend by adding other pleas at any stage of the proceedings." *Hagerstown Co.* v. *Grizzard,* 86 *Ga.* 574 (12 S. E. 939). Moreover, the plaintiff is in the anomalous position of insisting that "the contract of carriage as set out in said check was made in the State of Florida and the law and regulations of the Public-Service Commission of Georgia have no application," and then later objecting to the Florida law being applied. It should be stated, however, that the plaintiff in error insists that the defendant was not acting under the rules of either commission. No matter what may have been printed on the claim check or was the intention of the defendant carrier, it was bound by the rules and law as hereinbefore stated. *Screven Oil Co.* v. *Jarrell,* 171 *Ga.* 837 (157 S. E. 96); Code of 1933, § 102-106.

The refusal to charge as set out in the motion for a new trial, shows no cause for a reversal.

Since liability of the carrier under the law is limited to $50, neither interest prior to judgment nor damages for delay is allowable in the recovery.

The evidence demanded the verdict for $50, and the court did not err in directing a verdict for that amount, or, thereafter, in refusing a new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*