CAMPBELL *v.* TRI-STATE TRANSIT CO.

(In Banc.  March 27, 1944.)

[17 So. (2d) 327.  No. 35574.]

R. Taylor Keys, of Sardis, for appellant.

Stevens & Stevens, for Jackson, and McClure & Fant, of Sardis, for appellee.

370

**Griffith, J.**, delivered the opinion of the court.

Appellee is a common carrier of passengers by bus, operating under a certificate of public convenience and necessity and under Chapter 142, Laws 1938, 6 Miss. Code 1942, Chap. 4. Its tariff of rates has been filed with and approved by the State Public Service Commission, as required by Section 7666, Code 1942. By the terms of the tariff it was and is provided that each adult passenger shall on a full fare ticket be entitled, without additional charge, to check his baggage not to exceed in weight 150 pounds and in value $25. Value in excess of $25 is required to be declared by the passenger and paid for additionally at the rate of ten cents for each one hundred dollars.

Appellant became a passenger on one of appellee's busses for an intrastate trip and checked his hand-bag of the value, with its contents, of $132.80. He received a baggage check which contained a printed statement that the value of the baggage would be limited to the sum of $25 unless a higher value has been declared and the excess charge paid. Appellant did not read the check and knew nothing of the tariff or of its contents or requirements, and had no conversation with the agents of the carrier on the subject. A copy of the tariff was on file with the agent who sold the ticket. Appellant made no declaration of value and paid no extra charge; nothing was said to him about that feature.

The baggage was lost, and appellee tendered appellant in settlement the $25 prescribed by the tariff in such cases. Appellant declined, and brought his action to re-

cover the actual value. Appellee tendered the twenty-five dollars in court. The trial court limited the recovery to the tendered amount. We are of the opinion that the court was correct.

By Section 6(c), Chap. 142, Laws 1938, 6 Miss. Code 1942, Section 7637(c), the requirement is that the regulations of motor carriers under state law shall conform as nearly as practicable to those promulgated by the Interstate Commerce Commission. This means that state' decision on related questions ought to conform to that of the Federal Supreme Court. The question here involved has been fully reviewed by that court in Boston & Maine R. R. v. Hooker, 233 U. S. 97, 34 S. Ct. 526, 58 L. Ed. 868, L. R. A. 1915B, 450, and we adopt the opinion in that case as stating the rule to be followed in this state, in which connection we may add that the facts in the present case, beyond those above stated, are the same in detail as in the Boston & Maine R. R. v. Hooker case.

That case was followed in Galveston, etc., Ry. Co. v. Woodbury, 254 U. S. 357, 41 S. Ct. 114, 65 L. Ed. 301, and to the same effect are Knight v. Carolina Coach Co., 201 N. C. 261, 159 S. E. 311, and Myers v. Atlantic Greyhound Lines, 52 Ga. App. 698, 184 S. E. 414. We see no reason to elaborate beyond what was said in the cited cases.

The court was correct also in disallowing the amount claimed by appellant for his expenses in searching for his baggage. Years ago in Mississippi Central R. Co. v. Kennedy, 41 Miss. 671, it was held that in an action of assumpsit against a common carrier to recover lost baggage of a passenger, his expenses in searching for the same are not recoverable.