PER CURIAM.
The appellant Thelma Fennell filed an action in the civil court of record in Dade County seeking to recover the full value ($880) of two pieces of checked luggage and their contents, lost during the course of a trip by her as a passenger on appellee’s-bus. She contended the Florida Utilities-Commission’s rule limiting the carrier’s liability in such instances to an aggregate of $100 was not effective, for want of notice thereof and of opportunity to secure more protection against loss at a higher charge.
The defendant pleaded the commission’s-rale No. 310-5.59 limiting liability. On consideration of motions filed by the parties prior to trial, the court held liability was limited as provided for in the Commission’s rule aside from the issue raised as to notice, but the order entered thereon was not *859 a final judgment. The weight of authority appears to support the ruling of the trial judge. Cases so holding as set out in ap-pellee’s brief are Myers v. Atlantic Greyhound Lines, 52 Ga.App. 698, 184 S.E. 414; Campbell v. Tri-State Transit Co., 196 Miss. 367, 17 So.2d 327; Peninsula Transit Corp. v. Jocoby, 181 Va. 697, 26 S.E.2d 97. A case holding to the contrary, which is relied on by the appellant, appears to stand alone. See Arthurs v. Greyhound Corp., Columbus Munic.Ct., 189 N.E.2d 460.
The order appealed from was not a final judgment but was interlocutory. However, as authorized by § 59.45 Fla.Stat., F.S.A., in such circumstances, we have elected to treat the appeal as a petition for certiorari, and upon consideration thereof have concluded that certiorari must be denied.
It is so ordered.