### OGLE, et ux v. FLORIDA TRAILER TRANSPORT, Inc.
No. 152321.
Small Claims Court, Dade County.
October 6, 1966.

Lee Henry, Miami, for plaintiffs.

Matthew M. Slepin, Miami, for defendant.

SIDNEY L. SEGALL, Judge.

Judgment is rendered for the defendant. The evidence is legally insufficient to establish liability.

Plaintiffs seek to recover for damages sustained by their trailer while it was being towed by a tractor owned and operated by the defendant carrier.

The evidence discloses that one of the tires on plaintiffs' trailer blew out while it was being towed, causing damage to the trailer's carriage. Further, that both of the plaintiffs and the defendant's driver had knowledge of the defects in the tires on the trailer at the beginning of the trip on Tamiami Trail.

Defendant contends that Florida Public Service Commission orders nos. 6348 and 6924, docket no. 7082-CCT, and Florida Trailer Transport Tariff No. 1 issued pursuant to said orders on November 3, 1965, exempts defendant from liability under item no. 70 of said tariff.

Item no. 70 provides, in part — ". . . *carrier shall not be liable for loss or damage resulting from mechanical and/or structural deficiencies of the trailer.*"

Plaintiffs contend that the tariff regulation or rule exempting defendant from liability in such cases does not apply because of lack of notice of such exemption from liability.

While not factually analogous, Fennell v. Trailways, 169 So.2d 858, is controlling in principle. There the Third District Court of Appeal held that a Public Service Commission regulation limiting liability of a carrier is applicable irrespective of lack of notice to the shipper.

On the basis of the foregoing, and for the reasons stated, plaintiffs are not entitled to recover.