# CHARLESTON.

BORDERLAND COAL COMPANY *v.* NORFOLK & WESTERN RAILWAY COMPANY.

Submitted October 19, 1920. Decided October 26, 1920.

1. RAILROADS—*Agreement to Indemnify Road Against Loss from Use of Private Siding Valid.*

   A provision in a contract between a railroad company, operating a common carrier, and the owner of a coal mine, under which a private siding has been constructed and used by the railroad company and the mine owner, obligating the latter to indemnify and save harmless the former for or on account of any loss or damage that may at any time in any manner arise to the railroad company from its use or operation of the siding, does not contravene public policy and is valid. (p. 340)'.

2. SAME—*Contract Held to Preclude Recovery for Negligent Use of Private Siding.*

   Such a provision precludes right of recovery in the mine owner for loss or damage inflicted by simple negligence on the part of the railroad company, in the use of such siding. (p. 340).

   (WILLIAMS, PRESIDENT, absent).

Case certified from Circuit Court, Mingo County.

Action by the Borderland Coal Company against the Norfolk & Western Railway Company. Objection to special plea to declaration, and motion to strike out such plea overruled, and the ruling certified.

*Ruling sustained.*

*S. D. Stokes,* for plaintiff.

*Holt, Duncan & Holt,* for defendant.

POFFENBARGER, JUDGE:

Having overruled an objection to a special plea to a declaration filed against the Norfolk and Western Railway Company, in an action for damages for injury to a mule and a cart and harness, by one of its trains, on a private siding, and a motion to strike it out, the judge of the Circuit Court of Mingo County has certified the question of the sufficiency of said plea and his rulings thereon to this court for review of his decision.

The siding was constructed for use in connection with the plaintiff's coal mine, under an agreement obligating the plaintiff, among other things, "To indemnify and save harmless the Railway Company for or on account of any loss or damage which may at any time in any manner arise to the second party from the use or operation of the said siding or spur track by the Railway Company." The declaration charged negligence in general terms. It did not charge gross negligence nor wanton injury. The plea in question sets up said agreement as a bar to right of recovery on the facts alleged in the declaration. Only one question is raised in the argument, namely, whether the provision of the agreement above quoted is valid, it being contended for the demurrant, that it contravenes public policy and is therefore void.

After an able and thorough argument and upon mature consideration, this court settled this question adversely to the contention of the demurrant and in harmony with practically uniform authority, in *Keystone Mfg. Co.* v. *Hines, Director General of Railroads,* 85 W. Va. 405, 102 S. E. 106. As reason for approval of the ruling certified, it suffices to refer to that decision and the authorities analyzed in the opinion stating the grounds thereof. A proposition stated in *Johnson's Adm'r.* v. *R. & D. R. Co.,* 86 Va. 978, is not in harmony with it, but the facts in that case were peculiar and different from those disclosed here. Besides the decision therein was not based upon that proposition alone. It was founded as well, upon a breach of an express provision of a contract, by the railroad company, which went to the whole cause of action.

. Our approval of the trial court's ruling upon the demurrer will be recorded and certified by a proper order.

*Ruling sustained.*    •