## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### HINES, DIRECTOR, ETC., V. BURNETT.

#### June 16, 1921.

1. CARRIERS—*Baggage—Valuation—Authority of Director General of Railroads.*—Under the federal control act (40 U. S. Stat. at L. 451), the Director General of Railroads had authority to promulgate a baggage regulation limiting the amount of recovery to $100, where no value was declared, on intrastate as well as interstate transportation.

2. CARRIERS—*Baggage—Valuation—Limitation of Liability—Notice on Back of Check.*—On the back of a check delivered to a passenger there was stamped, under the title, "Notice to Passengers," a notice stating what was covered by the word "baggage," and that "liability for baggage is limited to wearing apparel not to exceed $100 in value."

   *Held:* That this was sufficient notice to the passenger of the limitation of the right to recover more than $100 for the value of the baggage where no value was declared.

3. CARRIERS—*Baggage—Valuation—Limitation of Liability—Notice to Passenger.*—The notice which followed from the filed and published regulations, as required by the statute and the order of the Interstate Commerce Commission, was sufficient to charge the passenger with notice of the baggage regulation promulgated by the Director General of Railroads limiting the amount of recovery to $100 where no value is declared.

4. CARRIERS—*Baggage—Valuation—Reasonableness of Limitation.*—A baggage regulation promulgated by the Director General of Railroads limiting the amount of recovery to $100 where no value is declared, and requiring an additional sum to be paid where the baggage is declared to be of greater value than $100, was not unreasonable.

Error to a judgment of the Hustings Court, Part II, of the city of Richmond, in an action of assumpsit. Judgment for plaintiff. Defendant assigns error.

*Corrected and affirmed.*

38

The opinion states the case.

*Geo. C. Fitzhugh,* for the plaintiff in error.

*Wm. B. McIlwaine* and *E. P. Cox,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

For convenience the litigants will be referred to in the positions occupied by them in the trial court. The plaintiff brought assumpsit against the defendant to recover damages for the loss of a trunk and its contents, and the jury assessed her damages at $400, which the defendant insists should be reduced to $100.

On the morning of November 23, 1918, the plaintiff purchased a ticket from Petersburg, Va., to Richmond, Va., over the Atlantic Coast Line Railroad, then operated by Walker D. Hines, Director General of Railroads of the United States. She checked her trunk on this ticket and took passage to Richmond. She declared no value on her trunk. On the back of the check delivered to her there was stamped, under the title, "Notice to Passengers," a notice stating what was covered by the word "baggage," and that "liability for baggage is limited to wearing apparel not to exceed $100.00 in value." The trunk was lost and never thereafter found. The defendant proved compliance with the federal control act, the promulgation of tariff rates and rules and regulations affecting baggage, the filing of the same, and compliance with its rules and regulations, with the Interstate Commerce Commission, and the limitation of the right to recover more than $100 for the value of the baggage where no value was declared, and insisted that the recovery should be limited to $100. The plaintiff insisted that this was an intrastate transportation, and was not affected by the "federal control act" of March 21, 1918, ch. 25, 40 Stat. 451; that the notice of the limita-

tion was not sufficient, and that the regulation requiring the value to be declared and an additional sum paid where the baggage was of greater value than $100 was unreasonable. The trial court entered judgment for the plaintiff for $400.

[1-4] The authority of the Director General of Railroads to promulgate a baggage regulation limiting the amount of recovery to $100 where no value is declared on intrastate as well as interstate transportation, the sufficiency of the notice of the regulation, and every objection raised to the application of the federal control act have been settled by decisions of the Supreme Court adversely to the plaintiff's claim. In *Northern Pacific Railway Co.* v. *North Dakota,* 250 U. S. 135, 39 Sup. Ct. 502, 63 L. Ed. 897, it was held that—

"1. Under the 'federal control act' of March 21, 1918, c. 25, 40 Stat. 451, railroads taken over and administered under the war power pursuant to the act of August 29, 1916, c. 418, 39 Stat. 645, and the President's proclamation of December 26, 1917, are in the full possession and control of the federal government, and that government is granted the power through the President and the Interstate Commerce Commission to fix the rates on intrastate traffic, superseding the State power over that subject.

"2. The federal control act being an exercise of a complete, exclusive and necessarily paramount federal power (the war power) and its provision for a complete change to federal control being clear and unambiguous, there can be no room for a presumption that State control over intrastate rates was to remain unchanged because it previously existed. *Reagan* v. *Mercantile Trust Co.,* 154 U. S. 413, 14 Sup. Ct. 1060, 38 L. Ed. 1028, distinguished.

"3. Under section 10 of the federal control act, the power of the Interstate Commerce Commission to consider rates,

like the power of the President to initiate them, relates to both classes—intrastate and interstate.

"4. The declaration of section 15 that nothing in the act shall be construed to amend, repeal, impair or affect the existing laws or powers of the States in relation to taxation or 'the lawful police regulations of the several States', except wherein such laws, powers, or regulations may affect the transportation of troops, etc., or 'the issue of stocks and bonds,' cannot be interpreted as withholding the power to initiate intrastate rates under section 10."

*Boston and Maine Railroad* v. *Hooker,* 233 U. S. 97, 34 Sup. Ct. 526, 58 L. Ed. 868, L. R. A. 1915B, 450 Ann.. Cas. 1915D, 593, involved the right to limit liability for the value of a trunk and contents transported on an interstate railroad ticket. The question of excess value of baggage and notice to the passenger was considered at length and the cases on the subject reviewed. The regulation limiting the value to $100, where no value was declared, was upheld, and it was held that the notice which follows from the filed and published regulations as required by the statute and the order of the Interstate Commerce Commission was sufficient to charge the passenger with notice of the regulation, and that if the passenger declares no valuation of his baggage, the rate fixed by the regulations and the corresponding liability automatically attach. It was said that "the effect of the regulations, filed as required, giving notice of rates based upon value when the baggage to be transported was of a higher value than $100, and the delivery and acceptance of the baggage without declaration of value or notice to the carrier of such higher value, charges the carrier with liability to the extent of $100 only." It was further said, in the course of the opinion, that "if the charges filed were unreasonable, the only attack that could be made upon such regulation would be by proceedings contesting their reasonableness before the Interstate Commerce Commission."

The question involved in the case at bar came before the Supreme Court of North Carolina in *Powell* v. *Hines,* 180 N. C. 665, 104 S. E. 533, and was disposed of in a *per curiam* opinion in which it was said: "The authority of the director general to promulgate the order limiting the recovery for the loss of baggage to $100 on intrastate, as well as interstate, transactions is fully sustained, by *Northern Pac. Ry. Co.* v. *North Dakota,* 250 U. S. 135, 39 Sup. Ct. 502, 63 L. Ed. 897."

We are of opinion that the trial court erred in not reducing the verdict to $100. Its judgment therefore will be corrected by entering a credit on said judgment of $300 as of June 13, 1919, and as corrected affirmed, with costs to the plaintiff in error.

*Corrected and affirmed.*