# Wytheville

PENINSULA TRANSIT CORPORATION, ETC. V.
BARBARA B. JACOBY.

June 14, 1943.

Record No. 2612.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and
Spratley, JJ.

The opinion states the case.

*W. R. Ashburn,* for the plaintiff in error.

*Michael B. Wagenheim,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

The single question to be determined upon this writ of error is whether or not, in Virginia, a motor carrier for hire of passengers and baggage may limit its liability to $25 for the loss of a parcel of baggage.

Barbara B. Jacoby, the plaintiff below and the defendant in error here, contends that it is unlawful for a passenger carrier to so limit its liability or to contract against its own negligence; that Code section 3930 prohibits such an agreement in this language: "No agreement made by a transportation company for exemption from liability for injury or loss occasioned by its own negligence or misconduct as a common carrier shall be valid".

The motor carrier contends that the prior section 3930 has been superseded by the later Code, section 4097y(13a), (Acts of 1936, page 242), which is in direct conflict with section 3930, and that by 4097y(13a) the carrier, in compliance therewith, was authorized to limit its liability for the baggage lost to $25, and did so limit it.

The trial court recognized the right of the carrier to limit its liability to $25, but over the objection of counsel for the carrier, gave an instruction of its own motion leaving to the jury the question whether the plaintiff had notice of the limitation of liability or whether the carrier had adopted an adequate method of bringing to the notice of passengers that it had actually limited its liability. The jury found for the plaintiff and fixed her damages at $450. The verdict was approved by the trial court.

The case is now before us upon a certificate of facts which follows: On October 4, 1940, plaintiff, accompanied by a Mr. Henry Hoffman made an intra-state journey from Norfolk to Richmond, Virginia, as a passenger on defendant's motor bus line. Upon going to the Bus Terminal in Norfolk, plaintiff gave Mr. Hoffman the money for her ticket and he purchased the ticket for plaintiff and himself, and he checked their personal baggage, consisting of six separate handbags at defendant's passenger station in Norfolk. The parties arrived in Richmond on the evening of October 4, 1940, at about 10:30 P. M., but did not call for their baggage until the following morning, October 5th, at about 8:30 A. M. Five parcels were delivered to them, one was missing and never located. The driver of the bus did not testify, nor did the porter who handled the baggage and the defendant offered no explanation of the loss. The passenger claim check for the parcel, given to Mr. Hoffman who checked the parcel, was introduced in evidence and is No. B-46692. On the face of this claim check there is printed in small type, among other things, the following:

"Present this claim check and claim your baggage at Richmond, Va. Baggage liability $25.00. Read other side."

On the back of said claim check under the caption: "Notice to Passengers", there is printed, in small type:

"By accepting this baggage check the acceptor agrees that:

"(1) The issuing Company is not liable for a greater amount than $25.00 to any one passenger in the event of

loss, or damage to property covered by this and/or other baggage checks issued to the same passenger.

"Passengers are permitted to declare a greater value by presenting their baggage to the agent for checking, at which time the value must be declared in writing and charge for excess value will be collected and an excess check will be issued.

"Passengers are cautioned to claim baggage at destination shown on face of check immediately to avoid payment of storage charges.

"Issued by

"..........................................

"Steward or Driver"

The claim check was not signed by the steward or driver of the defendant.

At the time of plaintiff's journey the defendant carrier had on file with the State Corporation Commission, its tariffs under the provisions of section 4097y(13a) of the Virginia Code, which contained, under section 2 thereof, entitled "Rules and Regulations", the following provisions among others:

"Free Baggage Allowance:

"8. (a) Except as noted below and subject to limitations shown in Rules 5, 6 and 7, one hundred and fifty (150) pounds of baggage or property not exceeding Twenty-five ($25.00) Dollars in value, may be checked without additional charge for each adult passenger, and seventy-five (75) pounds, not exceeding Twelve and 50/100 dollars in value, for each child travelling on a half fare ticket.

"9. Charges for Baggage or Excess Weight and/or Excess Value:

"Baggage or property which may be transported in regular baggage service, exceeding the free weight or value allowance as stated in Rule 8 will be charged for as excess baggage as follows:

"(a) Excess Weight: Charge will be made for excess weight at the excess baggage rate shown in Section III of this tariff. The rate per one hundred (100) pounds of

baggage of excess weight will be based on the effective one-way, adult selling fare applying via route of ticket, * * * . The minimum charge for any shipment of baggage of excess weight is twenty-five (25c) cents. The total weight or size of any single piece of baggage must not exceed limitations named in Rule 7.

"(c) Excess Value: Unless a greater value is declared by a passenger and charges paid for excess value at time of delivery to carrier, the value of property belonging to, or checked for a passenger, shall be deemed and agreed to be not in excess of the amounts specified in Rule 8, and carriers parties to this tariff will not accept liability for a greater sum in case of loss or damage."

The rates, fare and charges contained in said tariffs are stated therein in terms of lawful money of the United States. The tariffs of the defendant company were printed and kept open to the inspection of the public at the office of the State Corporation Commission in Virginia, and at the passenger ticket offices of the company. The tariffs had been approved by the State Corporation Commission in Virginia. The ticket issued to plaintiff, contained printed on the face thereof, in small type, the following:

"Baggage may be checked in accordance with tariff regulations and limitations. Unchecked baggage, parcels, or other effects are carried at passenger's risk."

In the defendant carrier's passenger station at Norfolk there was posted on the wall in the large waiting room which was also used to sell tickets and check baggage, a framed notice approximately twelve inches in width by sixteen inches in length, containing the following notice:

"This company is not liable for a greater amount than Twenty-five ($25.00) Dollars to any one passenger for loss of baggage, unless at the time of checking said baggage passengers declare a greater value in writing and pay the required charges for such excess value according to the tariffs of the Company, upon which happening an excess baggage check will be issued."

Neither the plaintiff in person nor Mr. Hoffman in purchasing her ticket for her declared any excess value for the handbag which was lost, and its contents, and they did not pay any excess value or extra charge for checking the same. They testified that they did not see the above notice on the wall.

Neither the plaintiff's attention nor that of Mr. Hoffman, who purchased the ticket for her was called by the defendant's agents to the sign on the wall, nor to the limitation provision on the baggage check, nor to the provision on the face of her ticket, prior to checking the handbag and its delivery to the defendant carrier. The plaintiff testified that she had traveled frequently by motor bus, but had never read the printed regulations of motor bus carriers limiting their liability for baggage checked in the event that no excess value was declared by passengers. She also testified when they were catching the bus and buying their ticket and checking the baggage, that they did not have the opportunity to read the ticket or baggage check. The testimony for the plaintiff was that the value of the handbag and contents was in excess of the amount of $450.00.

Under section 156(b) of the Virginia Constitution, the State Corporation Commission is granted the power and charged with the duty of supervising, regulating and controlling all transportation companies doing business in this State, in all matters relating to the performance of their public duties and their charges therefor, and of correcting abuses therein by such companies. The Commission shall prescribe and enforce against such companies such rates, charges, classifications of traffic, and rules and regulations as may be reasonable and just.

In the latter portion of the same constitutional provision the Commission is granted *paramount* authority to prescribe rates, charges, and classification of traffic for transportation companies, but its authority to prescribe any other rules, regulations or requirements for corporations or other persons shall be subject to the *superior* authority of the General Assembly to legislate thereon by general laws.

To obviate the question of whether these constitutional provisions were self-executing the. General Assembly has enacted statutes carrying them into effect. See Michie's Code, (1942) sections 3709, 3710 and 3711, and as applicable specifically to Motor Carriers, section 4097y(4).

The General Assembly has declared by appropriate statutes that all motor vehicle carriers are to be subject to the control, supervision and regulation of the State Corporation Commission. See Michie's Code (1942), sections 4097y(1) to 4097y(13m).

Duties of motor vehicle carriers are prescribed in 4097y(13). They are required to establish just rates and fares, and just and reasonable regulations and practices; to issue tickets and to carry personal, sample and excess baggage.

Under 4097y(13a) motor carriers are required to file with the State Corporation Commission for its approval and print and keep open to public inspection, tariffs showing all the rates, fares and charges for transportation, and all services in connection therewith, of passengers or property. The Commission may reject any tariff so filed if it is not in consonance with this section and with such regulations.

The certificate of facts discloses that the plaintiff in error had on file with the Commission its tariff and rules and regulations in accordance with section 4097y(13a) at the time of the loss of the baggage. Under the rules and regulations, baggage not exceeding $25 in value might be checked without additional charge. The Commission, under authority vested in it, has approved this limitation of liability for lost baggage. The statute 4097y(13a) was enacted in 1936, (See Acts of 1936, page 242), and is the latest expression of the General Assembly on the subject. The promulgation of the tariff, including rates, charges and rules and regulations, is a matter of public record. It is not only recorded with the State Corporation Commission and open to inspection, but it is on file in all of the ticket offices of the carrier. Notice of the limitation of liability for lost baggage, as already indicated, was also posted in a conspicuous place at the ticket office from which the defendant in

error obtained her ticket and checked her baggage. The claim check, as primarily shown, had a notice printed thereon that liability for loss of baggage would be limited to $25 and that if of a greater value, the owner could declare such greater value, pay the additional charge and proceed. These things were required by the rules approved by the Commission.

■ ■ The courts generally have recognized the right of the carrier to limit its liability for the loss of baggage by special contract or by a regulation authorized by the Utility Commission. 10 Am. Jur., Carriers, section 1743; 13 C. J. S., Carriers, section 874. However, it is necessary that the owner assent to the special contract or notice of the regulation be brought home to him. In Virginia, as we have seen, there is a statute (Code, section 3930) which declares that no agreement made by a transportation company for exemption from liability for injury or loss occasioned by its own neglect shall be valid. That statute is valid except in so far as it has been superseded by the later Code, section 4097y(13a). Compliance by the motor carrier with section 4097y(13a) removes it from the prohibition of section 3930.

■ A passenger is charged with notice of the tariff and rules and regulations promulgated by the Public Service Commission. The rule is clearly stated in 10 Am. Jur., Carriers, section 1759 thus: "A passenger will be charged with notice of any provisions in the Public Service Commission Act of the state in which the carrier operates, which affects the transportation of baggage. Thus, it has been held that a passenger will be held to knowledge of a provision, in a Public Service Commission Act, requiring the passenger to state the value of his baggage in excess of a certain figure upon delivery thereof to the carrier, and also of a stipulation, made part of a schedule of rates filed with the Public Service Commission, limiting the amount of liability for baggage at the fares named therein."

There is cited by the text-writer as support for the proposition the case of *Gardiner* v. *New York Cent., etc., R. Co.,*

201 N. Y. 387, 94 N. E. 876, 34 L. R. A. (N. S.) 826, Ann. Cas. 1912B, 281.

See also *Perkins* v. *New York, etc., R. Co.*, 232 Mass. 336, 122 N. E. 306. To the contrary are the cases of *Erie R. Co.* v. *Steinberg*, 94 Ohio St. 189, 113 N. E. 814, L. R. A. 1917B, 787, Ann. Cas. 1917E, 661, and *Ferris* v. *Minneapolis, etc., Ry. Co.*, 143 Minn. 90, 173 N. W. 178.

The Supreme Court of North Carolina in *Knight* v. *Carolina Coach Co.*, 201 N. C. 261, 159 S. E. 311, holds that the rules and regulations of the Corporation Commission, promulgated under statutory direction, fixing a value of $50 as the extent of liability on the motor carrier for loss of baggage, are valid.

The Constitution and the statutes of Virginia demonstrate that very comprehensive powers relating to the control of motor carriers have been conferred upon the State Corporation Commission. In the exercise of its powers, lawfully conferred by section 4097y(13a), the Commission has approved the rules and regulations pertaining to the public functions of the plaintiff in error, including a limitation upon its liability for the loss of baggage. The motor carrier is required to carry baggage free of charge within certain limits. If baggage is of a greater value than the limited value approved by the Commission, then the passenger may declare the increased value and pay an added sum for its transportation. The Commission has provided means of bringing notice of the rules and regulations adopted, including the limited liability for loss of baggage, to all passengers. In the case at bar the motor carrier has complied with all requirements, and as a matter of law its liability in this case is limited to $25 for the loss of the parcel of baggage in question.

In 1930 the General Assembly included in Chapter 161A, relating to motor vehicle carriers, a section which now appears in Michie's 1942 Code as section 4097q. In this section, among other things, is a provision limiting the liability of a motor carrier for loss of baggage to $50. We are of opinion that this provision has been superseded by the

later and present section 4097y(13a), placing this matter in the hands of the Commission.

*C. & O. Ry. Co.* v. *Beasley, etc., Co.,* 104 Va. 788, 52 S. E. 566, 3 L. R. A. (N. S.) 183, and *Hines* v. *Burnett,* 130 Va. 297, 107 S. E. 657, were decided before the enactment of the present section 4097y(13a). However, the *Hines case* recognized the right of the Director General of Railroads, under the Federal Control Act, by his own regulation to limit the liability of a railroad carrier for lost baggage.

The judgment of the trial court is reversed and a judgment for $25 in favor of Barbara B. Jacoby, the plaintiff below, against the Peninsula Transit Corporation, the defendant below, will now be entered by this court.

*Reversed.*