## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Providence Forge Oil Co., Inc.

v.

Chesapeake & Potomac Tel. Co. and
Reuben H. Donnelley Corp.

### May 25, 1966

By JUDGE ALEX H. SANDS, JR.

This case, in which plaintiff seeks recovery from defendants for damages allegedly sustained by failure of defendants to include plaintiff's name in one portion of the October, 1963, Richmond area telephone directory, is now before the Court upon what is equivalent to defendants' motion for summary judgment upon the pleadings consisting of motion for judgment, answer and grounds of defense, reply to grounds of defense, defendants' request for admissions and plaintiff's answers thereto and stipulation of counsel as to certain uncontested facts and exhibits filed in connection therewith, together with memoranda of authority filed by counsel.

### Admitted Facts

Plaintiff, as a subscriber to defendant Telephone Company's telephone services, was entitled to have its name and number listed in light-face type in the white pages in the Richmond area telephone directory free of any charge. This white section, in addition to a general directory, has specific directory listings for various localities around Richmond, one being for Providence Forge. By payment of a stipulated charge, negotiated under a separate contract, a subscriber could have his

free listing in the white section carried in bold-face rather than conventional type.

By contract dated July 10, 1963, plaintiff negotiated for bold-face type in the white section of the directory. This contract was solicited from plaintiff by the Reuben H. Donnelley Corporation.

Plaintiff's name appeared in bold-face print in the *general* white section and appeared in the yellow pages but did not appear at all in the Providence Forge section of the white pages. Defendants thereby violated its contractual obligation to plaintiff in two respects, i.e. (a) failure to list plaintiff in bold-face type in the Providence Forge area of the white pages of the October, 1963, directory, and (b) failure to list plaintiff *at all* in the white pages for such area.

Defendant admits its breach of its contractual obligations but contends that its liability in respect to such breach is limited in the one instance by its tariff on file with the S.C.C. and in the other instance by the language of the contract under which plaintiff contracted for bold-face listing. Defendant has already allowed plaintiff credit for what it contends to be its limit of liability under the bold-face type contract and has paid into Court the amount which it contends to be its limit of liability for failure to include plaintiff's name under its Providence Forge area listing of its white pages. Defendant thus contends it has discharged all liability to plaintiff.

## Issues

The issues involved are threefold:

1. Is the limitation of liability set forth in the Telephone Company's General Exchange Tariff valid and enforceable and binding upon Providence Forge?

2. Is the limitation of liability contained in the contract for bold type services valid and enforceable and binding upon Providence Forge?

3. May Donnelley be liable in excess of the tariff and contractual limitations regardless of their validity or application to the Telephone Company?

*Opinion*

*(a) Validity of Tariff Limitation of Liability.*

Defendant at all times pertinent to this litigation, had on file with the State Corporation Commission a tariff limiting its liability for errors and omissions in directory listings. The pertinent provision of defendant's tariff reads:

> The Telephone Company's liability arising from errors or omissions in directory listings (other than charged listings) shall be limited to the amount of actual impairment to the customer's service and in no event shall exceed one-half the amount of the exchange service charges for main telephones, extension telephones, and private branch exchange telephones, auxiliary lines, private branch exchange trunks, and private branch exchange switchboards involved in the period covered by the directory in which the error or omission occurs.

Plaintiff contends that this limitation is (1) illegal per se, and (2) unconstitutional. The claim of illegality per se is based upon the theory that all contractual provisions by which a carrier stipulates for exemption from liability for consequences of his own negligence void. This is not a complete statement of the rule nor is it in any event applicable to the issues in the case at bar. As a matter of interest the *Johnson* case, *Johnson's Adm'r. v. R. & D. RR. Co.*, 86 Va. 975 (1890), cited by plaintiff as authority for its position, has been limited in its application by many well reasoned later decisions. The broad statement of the rule enunciated in the *Johnson* case has been classified as *obiter dictum* and expressly repudiated by the Supreme Court of the United States, *Hartford Fire Ins. Co. v. Chicago M. & St. P. Ry. Co.*, 175 U.S. 91, 44 L. Ed. 84 (1899), and by numerous state courts. *See Borderland Coal Co. v. Norfolk & W. Ry. Co.*, 87 W.Va. 339, 104 S.E 624; *Missouri K. & T. Ry. Co. v. Carter*, 95 Tex. 461, 68 S.W. 159.

Assuming, however, that the rule as enunciated in the Johnson case be given its full effect as applied to

the facts of that case, it would have no application to the factual situation presented in the case at bar for reasons very clearly set out in *Aetna Ins. Co. v. Atlantic Coast Line R. Co.*, 79 F.2d 463 (1935). There, where the validity of an exemption from liability clause in a spur track agreement was in issue, it was *held* that the rule of the *Johnson* case did not apply where (a) the contract, although made by the railroad in furtherance of its business, was not a contract made for the carriage of passengers or property, and (b) where the agreement involved *injury to property* as distinguished from *personal injuries*, and the exemption from liability clause was held to be valid. The Court citing the rule that:

> The public has an interest in the life and safety of human beings, and contracts with respect to personal injuries are governed by a different rule from that governing contracts with regard to injury to property. Citing *Griswold v. Ill. Central Ry. Co.*, (Iowa) 57 N.W. 843.

The Court points out the significance of the change in language of the 1887 Code (under which *Johnson* was decided) as made by the Code of 1904. The former language, Sec. 1296 of the Code of 1887, outlawed "any agreement *made by a common carrier*" limiting its liability for acts of negligence. The amended language, Sec. 39 of the Code of 1904, outlawed "any agreement made by a transportation company *as a common carrier*" thus limiting the prohibition to those contracts dealing with the carrier's *discharge of its duties of carriage* as distinguished from those contracts which it made in furtherance of its business but not for the carriage of passengers or property.

In holding the limitation of liability provision valid, the Court in *Aetna v. A.C.L.* said:

> While the contract in question was made by the Railroad *in furtherance of its business as a carrier*, it was not a contract made for the carriage of passengers or property. (Italics added.)

The identical distinction exists in the case at bar. The preparation and delivery of a telephone directory is not a primary part of the business of a telephone company and is wholly subordinate to the main transaction of transmitting messages. *Hamilton Employment Service v. New York Tel. Co.*, (N.Y.) 171 N.E. 710. The language of Code sec. 56-476 which limits the prohibition against a telephone company's right to restrict its liability to the "sending, receiving or delivery of any dispatch or message" by clear implication leaves the telephone company free to restrict its liability in other fields.

The limitation of liability set forth in the tariff of the defendant was not, therefore, invalid or illegal *per se*.

As to plaintiff's contention that the action of the S.C.C. in approving and adopting this portion of defendant's tariff was unconstitutional, this argument is even more tenuous than its contention that the limitation of liability is invalid *per se*.

*Peninsular Transit Corp. v. Jacoby*, 181 Va. 697 (1943), appears conclusive upon the question of the validity of the limitation of liability contained in defendant's tariff. Plaintiff contends that *Jacoby* is not applicable because section 4097y(13a) of the Code of 1942 in some way implemented section 156(b) of the Constitution by specifically conferring upon the Corporation Commission the power to approve tariff provisions relating to limitations upon the liability of motor carriers which implementation does not exist in the statutes relating to telephone companies. It must be conceded that section 156(b) of the Constitution itself makes no distinction between transmission companies and transportation companies. A comparison of sec. 4097y(13a) (present Code sections 56-316 through 56-319) which relate to motor carriers, with section 56-478 relating to transmission companies, reveals no such distinction.

While the precise point here in issue has not been presented to the Virginia Supreme Court of Appeals, the identical question has been before courts of last resort in numerous jurisdictions and tariff provisions similar to that here under consideration have been consistently upheld. *Faber v. Southwestern Bell Tel. Co.*, 155 F. Supp. 162 (S.D. Tex. 1957); *McTighe v. New Eng. Tel. & Tel. Co.*, 216 F.2d 26 (2d Cir. 1954); *Hamilton Employment,*

*etc. v. New York Tel. Co.,* 171 N.E. 710; *Riaboff v. Pacific T. & T. Co.,* (Cal.) 102 P.2d 465; *Correll v. Ohio Bell Tel. Co.,* (Ohio) 27 N.E.2d 173.

The action of the Corporation Commission in promulgating and approving the defendant's tariff was, therefore, constitutional and valid and the provision in question enforceable.

### (b) Validity of limitation of liability in the bold-type service contract.

The provision limiting the liability of defendant being not invalid and unenforceable *per se* for the reasons set out above, its inclusion in the bold-type contract is valid and enforceable. *Russell v. Southwestern Bell Tel. Co.,* 130 F. Supp. 130 (E.D. Tex. 1955).

### (c) Liability of Donnelley.

In procuring the contract for bold-type listing from plaintiff, Donnelley was clearly but a soliciting agent. The agency was admittedly fully disclosed and there being no claim that Donnelley either by express promise or by words or conduct pledged its own credit or assumed any responsibility, under the circumstances Donnelley Company could not be held liable to plaintiff. *See Restatement of Agency* 2d, sec. 328.

### Conclusion

For the above reasons it is held:

1. That the limitation of liability set forth in the Telephone Company's General Exchange Tariff was valid and binding upon and enforceable against Providence Forge Oil Company, Inc.

2. That the limitation of liability contained in the contract for bold type services was valid and binding upon and enforceable against Providence Forge Oil Company, Inc.

3. That Donnelley Corporation is not liable to the plaintiff in any amount.

Judgment will, accordingly, be awarded in favor of the plaintiff for the sum of $87.45 against the Chesapeake

& Potomac Telephone Company, and in favor of Reuben H. Donnelley Corporation.

The above amount of $87.45 having been paid into Court and not accepted as full payment by plaintiff and the defendant, Telephone Company, having prevailed upon the issues in dispute, the defendant, Telephone Company, should recover its costs under Code sec. 8-238.